# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 1:18-cr-00046 |
| v. | : | |
| | : | (Judge Kane) |
| RONALD GROVER, | : | |
| Defendant | : | Filed Under Seal |

## MEMORANDUM

Before the Court are an unopposed motion in limine filed by Defendant Ronald Grover ("Grover") (Doc. No. 159), and a "Motion in limine To Preclude Defense from Introducing Evidence of Duress Defense" (Doc. No. 170), filed by the Government. For the reasons set forth below, the Court will grant Defendant Grover's unopposed motion in limine, and grant the Government's motion in limine.

## I. BACKGROUND

On February 14, 2018, a grand jury returned a multi-count Indictment against Defendants Henry Morales ("Morales"), Jorge Santiago ("Santiago"), Fernando Rodriguez ("Rodriguez"), and Ronald Grover. (Doc. No. 2.) The Indictment charged all Defendants with the following: conspiracy to burglarize a pharmacy (Count 1); burglary of a pharmacy (Count 2); conspiracy to possess stolen firearms (Count 3); and possession of stolen firearms (Count 4). Defendants Morales and Santiago subsequently entered guilty pleas in connection with the Indictment. (Doc. Nos. 90, 98, 166, 183.) The Government filed a Superseding Information, along with a plea agreement, as to Defendant Rodriguez on March 26, 2019. (Doc. Nos. 191, 193.) Jury selection and trial of the pending charges against Defendant Grover is scheduled for April 2, 2019.

On March 4, 2019, Defendant Grover filed his unopposed "Motion in limine To Preclude

Introduction of Pleas, Plea Discussions and Related Statements at Trial Pursuant to F.R.E. 410." (Doc. No. 159.) As the motion was unopposed, no brief was filed in support of the motion. On March 6, 2019, the Government submitted its "Motion in limine to Preclude Defense From Introducing Evidence of Duress Defense" (Doc. No. 170), as well as its "Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts Pursuant to Fed. R. Evid. 404(b)" (Doc. No. 171). The Government filed a brief in support of both filings on March 7, 2019 (Doc. No. 175-2), along with exhibits (Doc. No. 175-3). Defendant Grover filed a brief in response to the Government's brief on March 19, 2019 (Doc. No. 179-1), to which the Government filed its reply on March 20, 2019 (Doc. No. 187-2). On March 28, 2019, the Court held an evidentiary hearing on the Government's motion in limine as to duress, at which Defendant Grover offered testimony regarding the circumstances surrounding his involvement in the burglaries that form the basis of the Indictment. (Doc. No. 202.) The Government's motion in limine is ripe for disposition.

## II.    DEFENDANT GROVER'S UNOPPOSED MOTION IN LIMINE

Defendant Grover's motion in limine seeks to preclude the introduction of any mention of his prior notices of intent to enter a guilty plea to the charges asserted against him at the trial of this matter. (Doc. Nos. 105, 111, 126, 136.) Federal Rule of Evidence 410 provides, in relevant part:

(a)     Prohibited Uses. In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:

(1)    a guilty plea that was later withdrawn;

. . .

2

>    (3)   a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
>
>    (4)   a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Fed. R. Evid. 410(a). Defendant Grover's motion represents that his counsel obtained the consent of the Assistant United States Attorney to the motion in limine. Accordingly, the Court will grant Defendant Grover's unopposed motion and direct the Government and its witnesses not to refer to Defendant Grover's aborted plea proceedings, or any statements made during those proceedings, at the trial of this matter.

### III.   THE GOVERNMENT'S MOTION IN LIMINE

In its motion in limine, the Government argues that Defendant Grover has not made the requisite prima facie showing that the duress defense is applicable to his case, and he should therefore be precluded from introducing evidence on the subject of duress at the trial of this matter. (Doc. No. 170 ¶ 8.) Defendant Grover maintains that he has made the requisite prima facie showing entitling him to present the defense of duress to the jury. (Doc. No. 179-1 at 7.)

#### A.   Legal Standard

A defendant bears the burden of proving a duress defense by a preponderance of the evidence. See Dixon v. United States, 548 U.S. 1 (2006) (holding, in the firearms context, that defendant bears the burden of proving a duress defense by a preponderance of the evidence); Third Cir. Model Crim. Jury Instr. § 8.03 (Duress) (stating that the defendant "has the burden of proving the defense of duress by a preponderance of the evidence"). If evidence proffered by a defendant in support of an affirmative defense does not suffice to demonstrate a prima facie showing of all elements of the defense, a court may preclude the defendant from presenting such

3

a defense to the jury. See United States v. Naovasaisri, 150 F. App'x 170, 173 (3d Cir. 2005) (finding that a defendant "was not entitled to present the defense to the jury because he failed to make out a prima facie case of duress"); United States v. Miller, 59 F.3d 417, 421 n.1 (3d Cir. 1995) (stating that "[a] court may rule on a pretrial motion to preclude a defendant from presenting a duress defense when the government contends that the evidence in support of that position would be legally insufficient").

In order to assert a defense of duress at trial, a defendant must proffer evidence showing: "(1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) no reasonable opportunity to escape the threatened harm." Miller, 59 F.3d at 422. In Miller, the Third Circuit Court of Appeals noted that it recognized an additional factor applicable to the defense in United States v. Paolello, 951 F.2d 537 (3d Cir. 1991): "that a defendant should not recklessly place [him]self in a situation in which [he] would be forced to engage in criminal conduct." Id., citing Paolello, 951 F.2d at 541.

### B. The Government's Argument

In moving to preclude Defendant Grover from introducing evidence of the duress defense at trial, the Government maintains that he has failed to make a prima facie showing as to all four elements of the duress defense with regard to the burglaries of the pharmacy and the gun store. (Doc. No. 175-2 at 11.) As to the first element – an immediate threat of death or serious bodily injury – the Government maintains that the evidence presented by Defendant Grover as to any perceived threat by "AB" to Defendant Grover is insufficient to make a prima facie showing. (Doc. No. 175-2 at 11.) As to AB, Defendant Grover testified at the evidentiary hearing that "[w]ell, when we got there, AB and Fernando was on the phone. Fernando put me on the phone

4

with AB, and he was basically just threatening me saying that if I didn't go in the store, then I will have to deal with them when I – when we go back to Lancaster." (Doc. No. 202, Tr. at 11: 7-11.)  While Defendant Grover testified that he understood that to be "an immediate threat that they were planning to beat me or, worse, go after my family," (Id. at 11:15-16), the Government argues that any threat posed by AB, who was a voice on the phone, is insufficient to demonstrate that Defendant Grover was subject to an immediate threat.

Turning to the other elements of the defense, as to the second element of the defense – a well-grounded fear that the threat will be carried out – the Government maintains that as Defendant Grover admitted that he never met AB and had not spoken to him previously, he had no well-grounded fear that any threat to him by AB would be carried out.  (Doc. No. 175-2 at 13-14.)  The Government also argues that, as to elements three and four of the duress defense, Defendant Grover "placed himself in the position where he would become engaged in criminal conduct," because the Government maintains that evidence that Defendant Grover participated in three previous uncharged burglaries in the weeks leading up to the January 16, 2018 burglaries means that when he "agreed to give this same group a ride on the night of January 16, 2018. . . . he at least knew that the co-defendants intended to commit a burglary." (Id. at 14.)

### C. Defendant Grover's Argument

In arguing that he has established a prima facie case of all four elements of duress, Defendant Grover initially points to the January 22, 2018 unsworn statement he made to federal agents.  (Doc. No. 179-1 at 5-7.)  As noted above, this unsworn statement has been supplemented by the testimony offered by Defendant Grover at an evidentiary hearing on the Government's motion.  At that hearing, in addition to his testimony about AB's threat to him communicated

5

over the phone, Defendant Grover also testified that two of his co-defendants present at the time of the burglary threatened him. He stated that Fernando Rodriguez threatened him prior to the burglary of the pharmacy, stating that "he [Rodriguez] was in my face and just, you know, telling me, like, if I didn't go in the store, then they would beat me up." (Doc. No. 202, Tr. at 11: 20-22.) In addition, Defendant Grover testified that when he did not join his co-defendants at the front of the pharmacy but instead remained in the car at the back of the pharmacy, Santiago came back to the car and said "get your ass in – you know, get out, get your ass in the store." (Id. at 15: 15-16.) Defendant Grover testified that he perceived this as an immediate threat, because "[l]ike, if I didn't comply, then they would have jumped on me right there due to the fact of everyone being, you known, under the influence, being a little intoxicated, whatever." (Id. at 15: 18-21.)

Defendant Grover also maintains that his fears were well-grounded, as he testified that Rodriguez and Santiago were "known for violence in Lancaster City and carrying guns and beating people up and stuff like that." (Id. at 12: 15-17.) Defendant Grover testified that he had personally seen both of them carrying guns at different times[1] and had seen Santiago beating someone up several months prior to the night of the January 16, 2018 burglary. (Id. at 12: 15-13: 7.) As to the third element of the defense, Defendant Grover maintains that he had no opportunity to escape the threatened harm except through participation in the burglary of the pharmacy and continuing to ride with the group to the gun shop, as he was in an unfamiliar town, and surrounded by people he knew to be violent. (Doc. No. 179-1 at 9.) Finally, Defendant

---

[1] Defendant Grover testified that he did not see any of his co-defendants carrying a gun during the evening of January 16, 2018. (Doc. No. 202, Tr. at 23: 9-12.)

Grover argues that he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct, as he testified that he did not know where he was going on January 16, 2018, and certainly did not know that his co-defendants intended to burglarize a pharmacy, when he permitted Rodriguez and Santiago to borrow his sister's car and got in the car with them.[2] (Doc. No. 202, Tr. at 9: 23-10: 3, 23: 17-20.)

### D. Discussion

After careful review of the briefs of the parties and the testimony presented at the March 28, 2019 evidentiary hearing, the Court finds that Defendant has failed to make a prima facie showing as to all four elements of a duress defense. The Court notes as an initial matter that Defendant Grover's testimony at the evidentiary hearing on the Government's motion was not entirely consistent with his January 22, 2018 statement given to federal agents. In that statement, Defendant Grover referred only to a threat posed by an individual named AB, who was a voice over the phone unknown to Defendant Grover. At the evidentiary hearing, Defendant Grover for the first time discussed threats issued by his co-defendants Rodriguez and Santiago in connection with his participation in the pharmacy burglary. Even if the Court credits Defendant Grover's testimony at the hearing in its entirety, he fails to make a prima facie showing as to all four elements of a duress defense.

Assuming that the testimony offered by Defendant Grover suffices to demonstrate that he was subject to an immediate threat of serious bodily injury by Rodriguez and Santiago at the time of the pharmacy burglary, and that his fear of that threat was well-grounded based on what

---

[2] Defendant Grover testified that while Rodriguez asked him if he could give him a ride that night, Santiago actually drove the car, with Rodriguez in the passenger seat and Grover between Rivera and Morales in the backseat. (Doc. No. 202, Tr. at 7: 2-8: 15.)

7

he knew of their reputations for violence, thereby satisfying the first two elements of the duress defense, the Court finds that Defendant Grover has failed to demonstrate a prima facie showing as to the third and fourth elements of the defense – that Defendant Grover had no reasonable opportunity to escape the threatened harm prior to the burglary of the pharmacy and that he did not recklessly place himself in a situation where he would be forced to engage in criminal conduct.

In support of his argument that his fear of Rodriguez and Santiago was well-grounded, Defendant Grover testified as to Rodriguez and Santiago's reputations as violent criminals – "Rodriguez and George were known for violence in Lancaster City and carrying guns and beating people up and stuff like that." Even crediting Defendant Grover's testimony on this point, the Court finds that by entrusting his sister's car to individuals Defendant Grover knew to be criminals, getting in the car with them, and impairing his judgment by consuming illegal drugs with his co-defendants, Defendant Grover recklessly placed himself in a situation where he might be forced to engage in criminal conduct. This is so regardless of his testimony that he did not know where they were going on the evening of January 16, 2018. Accordingly, the Court finds that Defendant Grover has failed to make a prima facie showing as to the fourth element of a duress defense.

Further, the Court similarly finds that Defendant Grover has failed to make a prima facie showing that he had no reasonable opportunity to escape the threatened harm prior to the pharmacy burglary. As the events of the evening unfolded, Defendant Grover testified that when his co-defendants broke the front window of the pharmacy, he was still at the car behind the pharmacy, alone, arguably providing him with a brief opportunity to leave the pharmacy and

escape the threatened harm rather than engage in the burglary of the pharmacy. Moreover, Defendant Grover testified that after he regained use of his sister's car from his co-defendants after the stop at the gun shop, he went to a nearby Turkey Hill to ask for directions, but made no effort to contact the police to tell them about what had just transpired at that time, or in the days immediately following the burglaries. (Doc. No. 202, Tr. at 21: 21-22: 23.) Accordingly, the Court finds that Defendant Grover has failed to demonstrate a prima facie case as to the third and fourth elements of a duress defense, and therefore, will grant the Government's motion in limine and preclude any evidence or argument regarding a duress defense to the charges asserted against Defendant Grover.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court will grant Defendant Grover's unopposed motion in limine and preclude any evidence or argument regarding Defendant Grover's aborted plea proceedings, or any statements made during those proceedings, at the trial of this matter. The Court will also grant the Government's motion in limine regarding the introduction of evidence of a duress defense, and preclude any evidence or argument regarding a duress defense to the charges asserted against Defendant Grover. An appropriate Order follows.

    s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania